1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10  KEVIN LEE FRANCOIS,              )   CASE NO. SACV 12-988-AG (PJW)
                                     )
11                 Plaintiff,        )   FINAL REPORT AND RECOMMENDATION
                                     )   RE: DEFENDANTS' MOTION TO DISMISS
12         v.                        )   PLAINTIFF'S FIRST AMENDED
                                     )   COMPLAINT
13  TROY ZEEMAN, et al.,             )
                                     )
14                 Defendants.       )
                                     )
15  _____ )

16        This Final Report and Recommendation is submitted to the Hon.

17  Andrew J. Guilford, United States District Judge, pursuant to 28

18  U.S.C. § 636 and General Order 05-07 of the United States District

19  Court for the Central District of California.  For the reasons

20  discussed below, it is recommended that Defendants' motion to dismiss

21  the First Amended Complaint ("FAC") be granted in part and denied in

22  part.[1]

23

24

25

26  _____

27        [1]  This Final Report and Recommendation has been issued to
    address arguments raised by the parties in their Objections to the
28  original Report and Recommendation.  (Doc. Nos. 76-79.)  Because the
    Court's ultimate decision remains unchanged, the parties have not been
    given an opportunity to file additional objections.

I.

SUMMARY OF FACTS

On January 5, 2010, Plaintiff Kevin Lee Francois was walking in a breeze-way on 42nd Street in Newport Beach, California, when he heard a woman tell him to "come here." (FAC at 6.[2]) Plaintiff turned to move out of the breeze-way and started running when he heard her say, "I'll shoot you." (FAC at 6.) Plaintiff then dropped to the ground and a female police officer, according to Plaintiff, Defendant Officer Gamble, jumped on his back and sprayed him in his eyes with pepper spray. (FAC at 6.) Plaintiff was rendered temporarily blind by the pepper spray.

A short time later, Defendant Officer Zeeman arrived, jumped on Plaintiff's back, and handcuffed him. (FAC at 6.) While he was being handcuffed, Plaintiff received a small cut on his forehead. (FAC at 8.) Plaintiff complains that neither Gamble nor Zeeman ever identified themselves as police officers. (FAC at 6.)

Thereafter, Officer Zeeman radioed for back-up and medical assistance. (FAC at 8.) Officer Jarema arrived at the scene and drove Plaintiff to the police station for booking. (FAC at 23-24.) Later, when Plaintiff received the arrest report, it listed Officer Zeeman as the arresting officer, not Officer Gamble. (FAC at 6.)

Following his arrest, police took a DNA sample from him. Plaintiff's DNA matched DNA from a sexual assault case in Arizona and he was eventually sent to Arizona to stand trial for sexual assault. (*See* Doc. No. 19, Exh. 4 at 2.) Plaintiff attempted to gather

---

[2] To avoid confusion, the Court has used the page numbers assigned to the FAC by the electronic filing and docketing system.

2

1   information about his arrest in Newport Beach in an effort to suppress
2   the DNA evidence in the Arizona case.  Plaintiff claims that several
3   employees of the Newport Beach Police Department perjured themselves
4   during his investigation.  According to Plaintiff, on September 28,
5   2010, Gabrielle Monzingo, a community services officer for the Newport
6   Beach Police Department, perjured herself in a memorandum when she
7   claimed that Officer Gamble was not involved in Plaintiff's arrest.
8   (FAC at 29; FAC Exh. A.)  Plaintiff also alleges that Sergeant Joe
9   Cartwright of the Newport Beach Police Department perjured himself on
10  June 12, 2013, when he made false statements in a declaration
11  regarding Officer Gamble's police car.  (FAC at 25-26, 29-30.)
12  Plaintiff claims that Susan Meade, a supervisor at the Newport Beach
13  Police Department, perjured herself when she submitted a declaration
14  about dashcam videos on June 13, 2013.  (FAC at 26.)  He claims Wendy
15  Koudelka, a supervisor at the Newport Beach Police Department,
16  perjured herself on June 18, 2013, when she fabricated police records
17  and explained incorrectly how to decode them.  (FAC at 26-27.)

18                                  II.

19                                ANALYSIS

20       Plaintiff brings this civil rights action under 42 U.S.C. § 1983
21  against seven Newport Beach Police Department employees and the City
22  of Newport Beach.  He alleges that Officers Gamble, Zeeman, and Jarema
23  violated his Fourth and Fourteenth Amendment rights when they arrested
24  him without probable cause, used excessive force during his arrest,
25  falsified a police report, and conspired to conceal their uncons-
26  titutional acts by lying about what they had done.  He also complains
27  that Wendy Koudelka, Gabrielle Monzingo, Susan Meade, and Sergeant
28  Cartwright violated his Fourteenth Amendment rights when they perjured

                                   3

themselves in sworn declarations.  He sues the City of Newport Beach, alleging that it too violated his constitutional rights because it knew about the officer's illegal and unconstitutional behavior and failed to act, thus joining the conspiracy against Plaintiff.

Defendants move to dismiss the case, arguing, among other things, that Plaintiff has failed to state a claim upon which relief can be granted and that his claims are *Heck* barred.  (Doc. No. 17.) They point out that Plaintiff previously filed an identical case that was dismissed at the screening stage.  *See Kevin Lee Francois v. Officer Zeeman, et. al.,* SACV 12-0046 (C.D. Cal.).[3]  For the reasons explained below, the motion is granted in part and denied in part.

A.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant is entitled to a dismissal of an action if a complaint lacks a legal theory or alleges insufficient facts to support a legal claim.  To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible if the facts alleged in it and the reasonable inferences that can be drawn from those facts demonstrate that the defendant is legally liable for the misconduct alleged.  *Id.*

In reviewing a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and views all

---

[3]   On January 10, 2012, Plaintiff filed a Complaint, alleging similar facts and civil rights violations along with a request to proceed *in forma pauperis*.  The Court denied Plaintiff's *in forma pauperis* request and, in a lengthy order, concluded that the Complaint was subject to dismissal for failure to state a claim upon which relief could be granted.  The Court informed Plaintiff that he could resubmit the Complaint if he cured certain deficiencies.

inferences in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001), *amended on other grounds by* 275 F.3d 1187 (2001). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally. *See Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

   B.   <u>Plaintiff's Unlawful Arrest, Conspiracy, and Perjury Claims are *Heck* Barred</u>

   The gist of Plaintiff's suit is that his arrest by Newport Beach police was unlawful and, therefore, the DNA evidence that they obtained as a result of that arrest was obtained illegally. He contends that when he tried to expose these facts in his criminal case in Arizona, Newport Beach Police Department personnel lied about what had happened.

   Defendants argue that Plaintiff's claims are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), because a decision in his favor would necessarily call into question his criminal conviction in Arizona. (Doc. No. 17 at 20-21.) For the reasons set forth below, the Court agrees.[4]

   A defendant who is convicted in a criminal case is barred from bringing a civil rights action under § 1983 if a decision in his favor "would necessarily imply the invalidity of his conviction or

_____

   [4]  Plaintiff concedes in his Objections to the initial Report and Recommendation that these claims are *Heck* barred. (Doc. No. 76 at 2.)

sentence." *Heck,* 512 U.S. at 487.  That is exactly what Plaintiff is attempting to do here.  He is trying to prove that his arrest by Newport Beach police was unlawful and, consequently, the DNA evidence obtained following his arrest was obtained unlawfully and should have been excluded from his criminal trial in Arizona.  In fact, prior to his criminal trial, Plaintiff argued in the state court in Arizona that his arrest was unlawful, that the Newport Beach Police Officers falsified their reports, and that they conspired to conceal their unconstitutional acts by lying about what they had done.  (*See* Doc. No. 69-5 at 4-9, 22; Doc. No. 69-6 at 4-12; and Doc. No. 69-7 at 4-5.) The judge in Arizona held three hearings to address Plaintiff's motions to suppress the DNA evidence obtained by the Newport Beach police following his arrest.  Ultimately, the judge denied Plaintiff's motions to suppress and ruled that Plaintiff's arrest was lawful and that a California statute that authorized police to take his DNA was constitutional.  (Doc. No. 69-6 at 7-8.)  Plaintiff was subsequently convicted of multiple counts of sexual assault, sexual abuse, burglary, kidnaping, and aggravated assault.  (Doc. No. 65, Exh. H.)

Plaintiff cannot collaterally attack those convictions by challenging the legality of the police officers' collection of his DNA because his convictions have never been called into question.  *See Guerrero v. Gates*, 442 F.3d 697, 703-04 (9th Cir. 2003) (holding claims alleging wrongful arrest, malicious prosecution, and conspiracy would necessarily imply the invalidity of a criminal conviction if the plaintiff were successful and, therefore, are barred under *Heck*).

Plaintiff notes that his convictions are on appeal and seems to suggest that that is enough to call into question the validity of those convictions.  (Doc. No. 67, Plaintiff's Response to the Court's

Request for Supporting Documents at 2.)  Plaintiff is mistaken.  An
appeal is not evidence that a conviction has been called into
question.  Rather, it is evidence that a defendant has alleged that
his conviction was improper.  Because the convictions are still valid,
Plaintiff's unlawful arrest, conspiracy, and perjury claims are barred
unless and until he is successful in his appeal.[5]

    C.   Plaintiff's Claims Under the Fifth and Sixth Amendments Fail
        Plaintiff claims that Defendants violated his Fifth and Sixth
Amendment rights.  (FAC at 31.)  The Fifth Amendment applies "only to
actions of the federal government--not to those of state or local
governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir.
2001).  Thus, Plaintiff's Fifth Amendment claims against the police
are dismissed with prejudice.  *See Kuder v. Haas*, 2010 WL 4983455, at
*6 (E.D. Cal. Dec. 2, 2010) (dismissing with prejudice Fifth Amendment
cause of action because defendant was not a federal actor and
plaintiff could not fix that by amendment of the complaint).  As to
his Sixth Amendment claims, Plaintiff does not explain the basis for
them or even explain what they are about.  Thus, they, too, are
dismissed.[6]

_____

    [5]  Plaintiff's *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658
(1978) claim against the City of Newport Beach, which is grounded in
his claim that the police covered up his illegal arrest, is also *Heck*
barred for the same reasons.

    [6]  In his Objections, Plaintiff raises new arguments, i.e., that
federal agents were somehow involved in his case.  (Doc. No. 76 at 3.)
To the extent that Plaintiff is trying to amend the FAC through his
Objections, he cannot do that.  Plaintiff did not sue any federal
agents nor did he allege in the FAC that federal agents played any
role in Plaintiff's arrest or prosecution.  Further, assuming federal
agents were involved in assisting Defendant police officers in
Plaintiff's prosecution, any claims against them would also be *Heck*

1

    D.   Excessive Force

2       Plaintiff contends that police used excessive force when they

3  arrested him.  (FAC at 3, 6, 8.)  Defendants disagree.  They argue in

4  their Objections that Plaintiff has not stated enough facts to support

5  an excessive force claim.  This objection is overruled.  Plaintiff

6  claims that Officer Gamble jumped on his back while he was lying on

7  the ground and pepper sprayed him for no reason.  (FAC at 6, 8.)  He

8  also alleges that Defendant Zeeman jumped on his back while he was

9  lying on the ground.  (FAC at 6.)  This is enough to state an

10 excessive force claim.

11      Defendants note that Plaintiff attached Gamble's declaration to

12 the FAC and argue that the Court should consider her declaration in

13 deciding their motion to dismiss.  In the declaration, Gamble avers

14 that she was not there when Plaintiff was arrested.  The Court will

15 not rely on this declaration in deciding the motion to dismiss because

16 it contradicts what Plaintiff has alleged in the FAC itself and in his

17 papers opposing the motion.

18                                III.

19                           RECOMMENDATION

20      For the foregoing reasons, IT IS RECOMMENDED that the Court issue

21 an Order: (1) accepting this Final Report and Recommendation;

22

23 ─────────────────

24 barred because Plaintiff's success on them in this court would
   undermine his conviction in Arizona.  Plaintiff also seeks to bring a
25 claim under the Sixth Amendment, arguing that the Arizona court
   violated his Confrontation Clause rights when it failed to require
26 Officer Gamble to appear in person to testify at a pretrial hearing.
   (Doc. No. 76 at 4-5.)  This claim amounts to nothing more than a
27 collateral attack on his conviction.  Thus, it is *Heck* barred.
   Further, it should be raised in a habeas petition in Arizona, not a
28 civil rights suit in California.

                                    8

(2) denying Defendants' motion to dismiss Plaintiff's excessive force claims; and (3) granting Defendants' motion to dismiss the remainder of Plaintiff's claims without prejudice to renew should Plaintiff's conviction be overturned.

DATED: January 31, 2017

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\FRANCOIS 12-988\Final R&R MTD FAC.wpd